## OKLAHOMA PIPE LINE CO. v. EXCISE BOARD OF CARTER COUNTY.

No. 25512.    Jan. 22, 1935.

Rehearing Denied March 12, 1935.

Application for Leave to File Second Petition for Rehearing Denied March 26, 1935.

Gibson, Maxey, Holleman & Gibson, for plaintiff in error.

Marvin Shilling, Co. Atty., for defendant in error.

OSBORN, V. C. J. This is an appeal from a judgment of the Court of Tax Review by the Oklahoma Pipe Line Company, hereinafter referred to as protestant, denying its protest in 13 school districts in Carter county.

The facts and contentions of protestant are stated in its brief as follows:

"The protested levies in the 13 school districts in Carter county are all based on the same state of facts and the protest in each case presents the same issue. In each district the school board prepared a statement of estimated needs to operate the schools during the fiscal year in question and at the annual meeting in each school district, it being apparent that the five-mill levy limited by the Constitution would not produce sufficient revenue to operate the schools for the fiscal year commencing July 1, 1933, and ending June 30, 1934, the voters of the school district voted an excess levy, the excess levy voted in the majority of instances being the maximum of ten mills, and the meetings were held on the last Tuesday of March, 1933. The budgets together with the record of the school election were duly certified to the county clerk. On August 15, 1933, the constitutional amendment limiting the tax for all purposes to 15 mills, to be apportioned by the excise board to the county, city, town and school district, was adopted. This amendment carried forward the same provision for the excess levy for schools as was provided for by the former constitutional provision.

"In Carter county the excise board did not make a uniform apportionment of the 15 mills as between the county, city, town and school district, but, after making the apportionment to the county, divided the remainder between the city or town and the school district where there was a city or town in the school district, but where there was no city or town in the school district, the residue of the 15 mills after provision for the county had been made was apportioned to the school district.

"We are not contending by reason of the failure of the excise board of Carter county to apportion the 15 mills to the county, city, town, and school district by general order that the whole levy for the various school districts in question was void, but we do contend that only five mills could be legally apportioned by the excise board of that county for the current expense of the school districts for the fiscal year in question."

Protestee contends that the only issue involved herein has been adjudicated in the case of A., T. & S. F. R. Co. v. Excise Board of Washington County, 168 Okla. 619, 35 P. (2d) 274, wherein it was held that limitations as to tax levies by municipal subdivisions of the state provided in chapter 122, S. L. 1933, were abrogated and authority was vested in the excise board of the several counties to apportion between county, city, town, and school district the maximum of 15 mills on the dollar until such time as the regular apportionment is otherwise provided by the Legislature. Protestant contends that there is involved herein an issue not presented in the Washington County Case, which is whether or not the excise board of Carter county could apportion to the school districts of said county a proportion of the 15 mills authorized by the constitutional amendment which when added to the excess levy voted at the annual meeting in the school district would exceed 15 mills. In all of the districts involved herein the general fund levy was in excess of 15 mills.

It is urged in support of the above proposition that the constitutional amendment has been given a retrospective operation by the excise board of Carter county. There is no merit in this contention, for the reason that the amendment was approved August 15, 1933, by vote of the people and was immediately effective and the tax levies were made subsequent to the effective date of the amendment.

It is next contended that a levy in excess of 15 mills constitutes an impairment of the obligation of a contract contrary to state and federal Constitutions (Const. Okla. art. 2, sec. 15; and Const. U. S. art. 1, sec. 10 1st cl.) for the reason that the vote of the people at the school election was in the nature of a contract between the voters and taxpayers of the district and the school board and excise board that the maximum levy would be 15 mills. Prior to the school election the maximum levy fixed by law was five mills. This amount could have been levied without a vote of the people. At the annual

school election the voters of the district gave their assent to an additional levy of 10 mills. After the adoption of the constitutional amendment, instead of a maximum of 5 mills fixed by law, it was provided that the excise board should have authority to apportion between county, city, and school district the 15-mill maximum. As interpreted in the Washington County Case, supra, the excise board was thereafter justified in allocating to the school district more than 5 mills theretofore provided by law. No consent of the voters was necessary to authorize the excise board to allocate to the school district more than 5 mills, and the amount allocated was to be substituted for the five mills theretofore fixed by provisions of chapter 122, S. L. 1933, for, by adoption of the constitutional amendment, the consent of the people for the excise board to make such allocation was granted. Since the constitutional amendment as adopted carried forward the same provisions as to the excess levy of 10 mills, the consent of the voters of the district to make the additional 10-mill levy was effective and justified the addition of the 10 mills to the allocated millage fixed by the excise board.

Prior to the adoption of the constitutional amendment, there was authority in the excise board to make a levy not to exceed 15 mills. The effect of the adoption by the people of the constitutional amendment was to authorize a levy in excess of 15 mills where the allocation from the excise board to the school district was in excess of 5 mills. There is therefore no element of contractual obligation involved herein, and the contention of protestant is without merit.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, WELCH, PHELPS, and CORN, JJ., concur. BUSBY, J., absent. GIBSON, J., disqualified.